UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 01-D-1567 (CBS)

SALVATORE GIOVE,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

    Defendants.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment and Memorandum Brief in Support Thereof, filed October 6, 2004 ("Defendant's Motion"). Defendant's Motion seeks summary judgment on Plaintiff's claims for discrimination on the basis of national origin under Title VII of the Civil Rights Act.

The Court has considered Defendant's Motion for Summary Judgment and Memorandum Brief in Support Thereof, Plaintiff's Memorandum Brief in Opposition to Defendants' Motion for Summary Judgment, and Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment. Defendant's Motion asserts that summary judgment is proper because (1) Plaintiff failed to exhaust his administrative remedies for those claims arising more than 45 days before October 2, 1998, the date of Plaintiff's initial contact with an EEOC counselor; (2) Plaintiff elected to pursue his claim in a negotiated grievance proceeding and may not also maintain a Title VII claim in district

court; and (3) Plaintiff is unable to offer admissible evidence that Defendant's reasons for removal were pretextual. (Def.'s Mot. at 3.) For the reasons stated below, I grant Defendant's Motion for Summary Judgment.

II.   ANALYSIS

   A.   Summary Judgment Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The burden of showing that no genuine issue of material fact exists is borne by the moving party." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). When applying this analysis, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting *Martin v. Kansas*, 190 F.3d 1120, 1129 (10th Cir. 1999)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* (quoting *Martin*, 190 F.3d at 1129).

   B.   Whether Summary Judgment is Proper on Plaintiffs' Title VII Claims

In 1986, Plaintiff was employed by the Federal Aviation Administration (FAA), an agency of the Department of Transportation. (Def.'s Mot. at 4, ¶ 3; Pl.'s Mem. Br. at 2, ¶ 3.) Plaintiff trained at the FAA Academy in Oklahoma City, Oklahoma, then was assigned to Salt Lake City, then transferred to Grand Junction, Colorado in June 1988. (Def.'s Mot. at 4, ¶ 3-5; Pl.'s Mem. Br. at 2, ¶ 3-5.) During Plaintiff's employment, the

FAA was party to a Collective Bargaining Agreement with the National Air Traffic Controllers Association (NATCA or union), and Plaintiff was a member of the NATCA. (Def.'s Mot. at 4-5, ¶ 6-7; Pl.'s Mem. Br. at 2, ¶ 6-7.) Plaintiff was an Air Traffic Controller at the Grand Junction airport from 1988 until September 4, 1998. On August 3, 1998, Plaintiff was given a notice of proposed removal and was removed on September 4, 1998. (Def.'s Mot. at 5, ¶ 11-12; Pl.'s Mem. Br. at 2, ¶ 11-12.) Following his termination, Plaintiff filed a grievance through the union on September 29, 1998, which was denied by an arbitrator on January 30, 1999. (Def.'s Mot. at 5, ¶ 15-16; Pl.'s Mem. Br. at 2, ¶ 15-16.)

On October 2, 1998, Plaintiff contacted an EEO counselor and then filed an EEO complaint against the FAA on November 18, 1998. (Def.'s Mot. at 6, ¶ 17, 20; Pl.'s Mem. Br. at 2, ¶ 17, 20.) Plaintiff filed a complaint with the EEOC on February 10, 1999 and filed his Complaint before this Court on August 9, 2001. (Def.'s Mot. at 6, ¶ 22-23; Pl.'s Mem. Br. at 3, ¶ 22-23.) In his pro se Complaint, Plaintiff complained of discrimination on the basis of national origin. Specifically, he complained of "failure to promote," "demotion/discharge from employment," "persistant [sic] harrassment [sic] and unequal treatmt [sic]."

On February 17, 2004, Ronald E. Gregson entered his appearance on behalf of Plaintiff. The Amended Final Pretrial Order, received June 21, 2005, states Plaintiff's claims as discrimination and harassment on the basis of national origin over a period of twelve years, concluding in termination in 1998.

It is with this background that I consider Defendant's Motion, and I address the arguments in the order presented in that Motion.

          1.      <u>Whether Plaintiff has exhausted his administrative remedies.</u>

Defendant argues that Plaintiff has not exhausted administrative remedies for his harassment, hostile work environment, and disparate treatment claims. Under 29 C.F.R. § 1614.105(a)(1), "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id*. *See also Davis v. United States Postal Serv.*, 142 F.3d 1334, 1340 (10th Cir. 1998). While the requirement to contact an EEO counselor within 45 days of alleged discrimination pursuant to 29 C.F.R. § 1614.105(a)(1) is not a jurisdictional prerequisite to suit, it is part of the administrative remedies that must be exhausted prior to suit. *See Beene v. Delaney*, No. 02-6020, 2003 WL 21480698, *1 (10th Cir. 2003). If a plaintiff fails to comply with this requirement, summary judgment is properly entered on the claim. *Id*.

Plaintiff and Defendant agree that Defendant first contacted an EEO Counselor on October 2, 1998. (Def.'s Mot. at 6, ¶ 17; Pl.'s Mem. Br. at 2, ¶ 17.) Consequently, Plaintiff may only assert claims arising 45 days before October 2, 1998—or claims arising after August 18, 1998. Defendant asserts that due to this time constraint, only Plaintiff's claim of discriminatory termination may be presented (Def.'s Mot. at 9), because the termination occurred on September 4, 1998 (Def.'s Mot. at 5, ¶ 12; Pl.'s Mem. Br. at 2, ¶ 12). In Plaintiff's Memorandum Brief, he concedes that only the discriminatory termination claim is not barred. (Pl.'s Mem. Br. at 3-4.)

Because Plaintiff agrees with Defendant that he may not assert harassment, hostile work environment, or disparate treatment claims, and I find that such agreement

is consistent with the law, I grant Defendant's Motion for Summary Judgment as to this issue. Accordingly, Plaintiff's claims other than discriminatory termination are barred and may not be prosecuted through the complaint in this action.

> 2. Whether Plaintiff's EEO claim is barred because he elected to pursue a negotiated grievance under the collective bargaining agreement following his employment termination.

I next consider whether Plaintiff is precluded from bringing the present claim (discriminatory termination) because he filed a grievance under the collective bargaining agreement. Plaintiff was employed and later terminated by the FAA, which was a party to a Collective Bargaining Agreement with the NATCA, of which Plaintiff was a member. (Def.'s Mot. at 4-5, ¶ 6-7; Pl.'s Mem. Br. at 2, ¶ 6-7.) After Plaintiff's termination by the FAA, he filed a grievance through the union on September 29, 1998. (Def.'s Mot. at 5, ¶ 15; Pl.'s Mem. Br. at 5, ¶ 15). This grievance was denied by an arbitrator. (Def.'s Mot. at 5, ¶ 16; Pl.'s Mem. Br. at 2, ¶ 16).

Section 7121(d) of Title 5 of the Federal Labor-Management Relations Act provides that an aggrieved employee "may raise the matter under a statutory procedure or the negotiated procedure, but not both." 5 U.S.C.A. § 7121(d). The collective bargaining agreement also incorporates this scheme in Article 9, Section 4. (Def.'s Mot., Ex. A5.) Further, "[a]n aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter . . . irrespective of whether the agency has informed the individual of the need to elect or of whether the grievance has raised an issue of discrimination." 29 C.F.R. § 1614.301(a). Defendant argues that summary judgment is appropriate, because Plaintiff elected to pursue the

matter through a negotiated grievance. (Def.'s Mot. at 11.) As such, "a subsequent EEO challenge is barred." (Id. at 11-12.)

Plaintiff counters that separate and distinct "matters" are being pursued through the present complaint than were pursued through the negotiated grievance. (Pl.'s Mem. Br. at 5.) More specifically, Plaintiff claims that he "contended in the negotiated grievance process that his actions were 'protected under the Whistleblower Protection Act and the collective bargaining agreement.'" (Pl.'s Mem. Br. at 5 (citing Award of Arbitrator at 11 (attached to Def.'s Mot. as Ex. A1).) In the present action, Plaintiff is alleging intentional discrimination in the decision to terminate his employment on the basis of his national origin. (Id. at 6.) After reviewing the record in this case, I find that the termination of his employment is the action at issue in both the grievance and complaint, although the underlying reason alleged by Plaintiff for the termination is different in each.

The Tenth Circuit has not defined "matter" in this context. Both parties rely on a case from the D.C. Circuit, *Guerra v. Cuomo*, 176 F.3d 547 (D.C. Cir. 1999). *Guerra* involved a former employee of the Department of Housing and Urban Development (HUD), who complained that painting in her office building bothered her respiratory condition. *Id.* at 548. She sought accommodation from HUD and eventually filed a union grievance claiming that HUD had failed to accommodate her disability, which never proceeded to the next stage. *Id.* About four years later, the employee filed a formal EEO complaint, which alleged that HUD had violated the Rehabilitation Act by failing to accommodate her disability. *Id.* HUD moved to dismiss her complaint, claiming that the grievance was an irrevocable election of remedies. *Id.* The plaintiff,

-6-

however, claimed that the grievance and complaint raised different matters, but the D.C. Circuit disagreed.

The court noted that other courts considering the same issue "have tended to construe the term 'matter' to encompass more than a legal claim and instead to encompass the 'underlying action,' . . . or the 'topics' raised." *Id.* at 550 (internal citations omitted). The purpose of election of remedies is that an employee may not "simply formulate an EEO complaint on the basis of dissatisfaction with the results of grievance process. This is precisely the result that the election of remedies provision in § 7121(d) was meant to avoid." *Id.* The Circuit Court in Guerra determined that there was nothing "other than a failure to accommodate . . . [as] the underlying employment action at issue in both the grievance and complaint." *Id.* At 549.

I likewise focus on the underlying employment action at issue here. In both the grievance and the complaint, Plaintiff complains that his employment with the FAA was terminated. Plaintiff does not claim that discrimination could not be raised in his grievance, and Plaintiff did not raise discrimination in his grievance. Because the underlying employment action of termination is the topic of both the grievance and complaint, I find that the same matter is at issue. Because an aggrieved employee "may raise the matter under a statutory procedure or the negotiated procedure, but not both" (5 U.S.C.A. § 7121(d)), summary judgment on Plaintiff's claim is appropriate. Accordingly, I grant Defendant's Motion on Summary Judgment on this issue.

      3. <u>Whether Plaintiff has presented evidence that the FAA's reasons for his removal were pretextual and that the removal was in fact based on intentional national origin discrimination.</u>

Because I find that Plaintiff elected to pursue a grievance and may not maintain this complaint, I find that resolution of this issue is now moot.

III.     CONCLUSION

For the foregoing reasons, it is

ORDERED that Defendant's Motion for Summary Judgment filed October 6, 2004 is **GRANTED**, and this case is dismissed with prejudice, each party to bear their own costs and attorney's fees.  It is

FURTHER ORDERED that the Final Trial Preparation Conference, set for November 3, 2005 at 4:00 p.m., and the trial, set for the week of November 14, 2005, are VACATED.

Dated:  September 16, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge